# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

_____

GWEN SHEPHERD,

     Plaintiff,

v.                              No.:  1:19-CV-953 WJ/JHR

OCWEN LOAN SERVICING, LLC

     Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6)

THIS MATTER IS BEFORE THE COURT on Defendant's Motion to Dismiss Complaint for Damages Pursuant to Rule 12(b)(6) (**Doc. 14**), filed on January 15, 2020.  As of the filing of this Order, Plaintiff has failed to file a Response or to notify the Court of an agreement between the parties to extend the response deadline.  *See* D.N.M.LR-Civ. 7.4 (explaining that for each agreed extension, "the party requesting the extension must file a notice identifying the new deadline and the document (response or reply) to be filed").  Having reviewed Defendant's Motion and the applicable law without the benefit of a Response from Plaintiff, the Court finds that the Motion is well taken and is, therefore, **GRANTED**.

## BACKGROUND

This case arises of long-standing dispute between Plaintiff and Defendant, going back decades.  The Court need not go through the entire convoluted history here, but essentially, in 1998 Plaintiff took out a mortgage, the note for which, after a series of assignments, was eventually held by Defendant's predecessor[1] as the mortgagee.  Plaintiff alleges that Defendant erroneously

---

[1] Defendant, Ocwen Loan Servicing, LLC, has been through a number of name changes and is now known as PHH Mortgage Corporation.

charged her late fees based on an inaccurate first payment due date set by a predecessor mortgagee. (*See* Doc. 1.)  Plaintiff further alleges that Defendant engaged in a series of "abusive collection practices" and "continuous harassment collection calls."   (Doc. 1 ¶¶ 22–23.)   By her own admission, Plaintiff filed "a similar action in this Court against the same Defendant in March 2001,"[2] which resulted in a stipulated dismissal.  (*Id.* ¶ 7).   Years later, Defendant commenced a foreclosure action against Plaintiff in New Mexico state court in November 2015, which was later voluntarily dismissed by Defendant.  (Doc. 14 ¶ 11.)   Plaintiff subsequently filed this action, asserting, without any new specific factual allegations or any detail whatsoever, that the "allegations in this new Complaint involve recent, similar practices as in the earlier action."  (Doc. 1 ¶ 7.)  Defendant then filed the instant Motion to Dismiss.

## DISCUSSION

Under the local rules of this Court, failure to respond in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.  *See* D.N.M.LR-Civ. 7.1(b). But, "even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted."  *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003).

To survive a motion to dismiss under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

---

[2] A copy of the Complaint in that case, filed by the same attorney as the present action, is attached to Defendant's Motion as Exhibit A.  The allegations therein are nearly identical to those made in this case.

(citing *Twombly*, 550 U.S. at 556).  While detailed factual allegations are not required, the plausibility standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and a complaint will not suffice if "it tenders naked assertion[s] devoid of further factual enhancement."  *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted) (alternations in original).  Complaints which are nothing more than "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Although a court must accept all the complaint's factual allegations as true, the same is not true of legal conclusions, including legal conclusions couched as factual allegations.  *Id.* at 555–56.

 Accordingly, "in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).  In deciding whether the plaintiff has adequately stated a claim for relief, we view "the totality of the circumstances as alleged in the complaint in the light most favorable to [the plaintiff]."  *Jones v. Hunt*, 410 F.3d 1221, 1229 (10th Cir. 2005).  The key question is whether a plaintiff has nudged his or her claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Plaintiff's Complaint alleges three separate and discrete counts: (1) violations of fair debt collections practices pursuant to the federal Fair Debt Collection Practices Act ("FDCPA"); (2) intentional infliction of emotional distress; and (3) violation of the New Mexico Unfair Trade Practices Act ("NMUTPA").  As set forth below, Plaintiff's highly generalized, threadbare Complaint fails to state a claim for each count.

First, Plaintiff's Complaint does not allege in any factual detail what collections practices she is challenging, let alone how those practices are abusive.  Additionally, Plaintiff does not

include any details that would allow the Court to conclude that Defendant's practices are prohibited by the FDCPA or the NMUTPA, and thus draw the reasonable inference that Defendant is liable to Plaintiff.  *See Iqbal*, 556 U.S. at 678.  Plaintiff offers only the conclusory assertion that Defendant engaged in "abusive collection practices in the same manner Ocwen previously used years ago." (Doc. 1 ¶ 27).  Presumably, this means collections calls, although there are no details with respect to the dates of these calls, the content of these calls, or even an estimated number of calls.  The only specific example Plaintiff offers is to say that "after years of abusive collection practices," Defendant made an offer to resolve her indebtedness for a modest sum, but then would not provide Plaintiff with any information on how to accept that offer.[3]  (*Id.* ¶ 28.)  Plaintiff then states that Defendant "eventually pursued foreclosure."  Given the lack of detail or temporal indicators, a fair reading suggests that this alleged conduct occurred *before* the November 2015 foreclosure action.  There are no other details pled.

Even giving all deference to Plaintiff, these naked assertions devoid of further factual enhancement are precisely the kind of allegations that fail to state a claim under the *Twombly/Iqbal* pleading standard.  *See Iqbal*, 556 U.S. at 678.  Plaintiff's summary assertion regarding how Defendant violated the FDCPA is the exact kind of formulaic recitation of elements rejected by the United States Supreme Court in *Twombly*.  And Plaintiff's NMUTPA claims fails to rise even to that minimal level, since there is no mention of at all of the elements of a NMUTPA claim.  The only two paragraphs in Plaintiff's Complaint which purport to be related to Defendant's "recent" conduct, Paragraphs 27 and 28, are simply "unadorned [ ] the defendant-unlawfully harmed-me"

---

[3] Plaintiff's only other concrete, specific factual allegation is that as a result of the late charges, her credit report contained erroneous information and she was unable to obtain an automobile loan.  (Doc. 1 ¶ 24.)  But there is no allegation regarding when this occurred.  Because this same allegation was in her 2001 Complaint, (Doc. 14-1), the Court assumes it occurred prior to the 2001 lawsuit, and is not alleged as happening in connection with this new case.

accusations, *id.*, which cannot, and do not, nudge her claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Second, even assuming for the sake of argument that the Court could accept Plaintiff's bare-bones allegations as sufficient to state a plausible claim for relief, the fact that the Complaint indicates Defendant's conduct occurred prior to Defendant eventually pursuing foreclosure in 2015 dooms Plaintiff's FDCPA claim. The FDCPA has a one-year statute of limitations. *See* 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this title [15 USCS §§ 1692 et seq.] may be brought . . . within one year from the date on which the violation occurs." (brackets in original)); *see also Sartori v. Susan C. Little & Assocs., P.A.*, 571 F. App'x 677 (10th Cir. 2014). The foreclosure was filed on November 18, 2015. Plaintiff filed this action on October 10, 2019. It is beyond debate that actions which, as indicated in the Complaint, took place prior to the eventual foreclosure were timed barred when filed. Thus, Plaintiff's FDCPA claim fails on limitations grounds, in addition to defective pleading grounds.

Finally, Plaintiff fails to state a claim for intentional infliction of emotional distress. Under New Mexico law, to recover for intentional infliction of emotional distress, the plaintiff must prove that "the conduct of [the defendant] was extreme and outrageous under the circumstances, [the defendant] acted intentionally or recklessly; and as a result of the conduct of [the defendant], [the plaintiff] experienced severe emotional distress." UJI 13-1628 NMRA. Plaintiff attempts to flesh out this claim with use of phrases like "unscrupulous attack" and "relentless unlawful debt collection," but saying it does not make it so. To qualify as "extreme and outrageous," the conduct must be "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Salazar v. Furr's Inc.*, 629 F. Supp. 1403, 1411 (D.N.M. 1986). There are absolutely no specific

factual allegations from which the Court could infer extreme and outrageous conduct.  Moreover, there is nothing to plausibly suggest the intentionality or recklessness required to state a claim for intentional infliction of emotional distress.  Plaintiff has failed to give this Court anything that would allow it to draw the reasonable inference that Defendant intentionally inflicted emotional distress on her, and therefore has failed to state a claim.

## CONCLUSION

Plaintiff failed to file a timely response in opposition to Defendant's Motion to Dismiss. Even if she had, it likely would have been unavailing as her Complaint does not meet the pleading standard set forth in *Twombly*/*Iqbal*.  Therefore, for all the foregoing reasons, the Court concludes that Defendant's Motion is well taken and is thus **GRANTED**.  Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE